M. J. GRISWOLD, Plaintiff and Appellant, v. MORRIS L. LAGGE and ARSULA I. LAGGE, his wife, Defendants and Respondents.

No. 9476.
Submitted May 13, 1957. Decided July 31, 1957.
313 Pac. (2d) 1013.

Messrs. Colgrove & Brown and Mr. Hugh J. Lemire, Miles City, for appellant.

Mr. P. F. Leonard and Mr. Daniel G. Kelly, Miles City, and Mr. Ralph J. Anderson, Helena, for respondents.

Mr. Lemire and Mr. Anderson argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment and decree quieting title to a half section of land in Garfield County in the defendants.

A patent to the land here involved was issued to Alfred M. Clark, plaintiff's predecessor, in the year 1919. Clark has paid no taxes on this land since the year 1921. In the fall of 1922 the land was sold to Garfield County for delinquent taxes, tax deed issued January 17, 1930.

Garfield County made application for tax deed. The county clerk and recorder filed in his office an affidavit of proof of

service of the notice of the application for tax deed, and the county clerk also filed an affidavit of proof of service of the notice in the office of the county treasurer, upon which the county treasurer issued the tax deed. The affidavit so filed in the office of the county treasurer is identical to that filed with the county clerk and recorder. In addition, there was also filed in the office of the county clerk and recorder an affidavit of the deputy clerk and recorder to which is attached a copy of the notice of application for tax deed. There is also on file in the office of the county clerk the affidavit of publication, receipt for registered article, and registered return receipt.

In the years 1935, 1936, 1938, 1939, and 1942, Garfield County executed and delivered leases for grazing purposes, and in each instance a written lease was filed for record in the office of the county clerk and recorder.

On March 6, 1946, Garfield County sold the land to one Halbert McRae, and in 1947 McRae sold the land to Merl Hellyer. By subsequent conveyances the defendants, Morris L. Lagge and Arsula I. Lagge, his wife, became the successors in interest to Garfield County and subsequent purchasers.

Since the first lease from Garfield County in 1935, the land has actually been used for grazing purposes and for several years sheep were grazed thereon under the control of herders during the grazing season. The land however was not fenced and was open for the grazing of livestock that were running upon the range in the vicinity. The land was fitted for the type of use made of it.

The plaintiff Griswold purchased the land from the original owner Clark for the sum of $50, securing a quitclaim deed, with Clark retaining one-half the minerals. This was the total consideration for the quitclaim deed, the purchase being made with complete knowledge by Griswold that the county had taken tax deed to the land. In fact, he knew of the tax deed when he dealt with Mr. Clark, and he admitted that he dealt with Clark for the purpose of defeating the tax title.

The trial court held the tax deed involved valid and that the

plaintiff had failed to present proof that a notice of application for tax deed was not given as provided for by law, and that the defendants and cross-complainants are the owners of the land and entitled to the immediate possession thereof subject to a reservation by the county. There was in this case a reservation of mineral rights in Garfield County which is not in controversy here.

As previously stated the trial court found the tax deed valid and deemed it unnecessary to discuss the question whether the defendants and cross-complainants established title to the land herein by adverse possession.

However, the trial court made findings of fact and references to law which indicated that it would also quiet title in the defendants by adverse possession. On this appeal the defendants urge that the record discloses title in defendants by adverse possession. With this contention we agree.

The plaintiff and appellant urges five specifications of error all of which go to the trial courts findings that the tax deeds were valid. However, since this case was heard by the district court in 1954, this court has rendered decisions in Hentzy v. Mandan Loan and Investment Co., 129 Mont. 324, 286, Pac. (2d) 325; Long v. Pawlowski, Mont., 307, Pac. (2d) 1079, in which rules determining adverse possession based upon tax deeds, as color of title were pronounced. In view of the rules pronounced by this court, a reading of the record reveals that title was obtained by adverse possession by the defendants Lagge, whether or not the tax deed proceedings were valid. Therefore, we deem it unnecessary to examine the trial court's findings as to the tax deed proceedings.

As previously stated color of title was had by the defendants and their predecessors in interest including Garfield County, and leases for grazing purposes were made of public record, use of the land was had by grazing of sheep under the control of herders, other use was had by the grazing of cattle and horses, and all things necessary to assert adverse possession were done during the necessary ten-year period. The original owner, Alfred

M. Clark, had notice of the entire proceedings and of the hostile, open and notorious adverse claim and did nothing about it until the attempt by the plaintiff here to buy into a lawsuit.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY and ANGSTMAN, concur.

MR. JUSTICE ADAIR, dissents.